IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL P. PAIGE,**

                **Plaintiff,**

    v.                                        CASE NO.17-3056-SAC-DJW

**(fnu) MARTELL, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order of April 19, 2017, the undersigned directed Plaintiff to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. By way of a response, Plaintiff twice filed the same motion for reconsideration (Doc. #6 and 9), as well as a motion for leave to file an amended complaint (Doc. #12), with his proposed amended complaint as an exhibit (Doc. #14). Plaintiff has also filed two identical motions for injunctive relief (Doc. #7 and 10) and a motion for extension of time (Doc. #13). On July 5, 2017, Plaintiff filed a motion for leave to file second amended complaint (Doc. #16).

1

### Motions for Leave to File Amended Complaints

Plaintiff has filed both a motion for leave to file an amended complaint and a motion for leave to file a second amended complaint. In both cases, he attached his proposed amended complaint in compliance with local court rule. Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days of service of the original pleading. Rule 15(a)(2) states that in all other cases, a party may amend its pleading only with consent of the opposing party or with leave of court, which should be freely given when justice requires. Because the defendants have not yet been served, the Court grants Plaintiff's motions. The Court has also reviewed and considered the arguments Plaintiff makes in his motion for reconsideration.

### *Martinez* Report

In his second amended complaint, Plaintiff makes substantially the same factual allegations as are summarized in the Court's order to show cause (Doc. #5). However, he has revised his claim from merely disagreeing with the diagnostic tests that have been ordered to alleging a complete lack of medical treatment for the Hepatitis-C virus ("HCV"). He claims he should be treated with direct acting anti-viral ("DAA")

2

medication. Plaintiff brings a single count for violation of his Eighth Amendment "right to be free from cruel and unusual punishment and right to adequate medical care." Doc. #14, p. 4.

In his motion for reconsideration, Plaintiff relies on the reasoning of *Abu-Jamal v. Wetzel*, 2017 WL 34700 (M.D. Pa. January 3, 2017), to support his claim that Defendants have been deliberately indifferent to his serious medical needs. *Abu-Jamal* reflects the changing landscape of the law in relation to treatment of prisoners with HCV in light of the recent emergence of DAA drugs. In *Abu-Jamal*, the plaintiff was a state prisoner seeking a preliminary injunction to require the Pennsylvania Department of Corrections to immediately treat his HCV infection with DAA drugs. *Id.* at *1. The court had conducted an evidentiary hearing on the issues in a related case brought by the same plaintiff, and the parties had fully briefed the issues. The court, in a thorough and well-reasoned opinion, found that the plaintiff had established a reasonable likelihood of success on showing that the defendants were deliberately indifferent to his serious medical need. *Id.* at *20.

This Court also takes note of *Postawko v. Missouri Department of Corrections*, 2017 WL 1968317 (W.D. Mo. May 11, 2017), a factually similar case where one of the defendants is Corizon, which is the contract medical provider for Missouri prisons, as well as those in Kansas. The court in *Postawko*

3

found that "[d]espite an effective and near-certain cure in the form of DAA drugs, Defendants follow a prioritization and monitoring policy, which prolongs the suffering of those diagnosed with chronic HCV and allows the progression of the disease to accelerate. As in *Abu-Jamal*, such a policy is enough to show deliberate indifference, particularly at the current pleading stage." *Id.* at *8.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the El Dorado Correctional Facility ("EDCF"). *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Accordingly, the Court orders the appropriate officials of EDCF and the Kansas Department of Corrections to prepare and file a *Martinez* report. Once the report and Defendants' answers have been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

## Motion for Injunctive Relief

To obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the movant's favor, and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2).

The Court finds that Plaintiff has not met his burden to show that entry of a preliminary injunction is warranted. He has not yet demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. For this reason, Plaintiff's motion for injunctive relief is denied at this time.

**IT IS THEREFORE ORDERED:**

(1) The Clerk of the Court shall prepare waiver of service forms for the defendants, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served at no cost to Plaintiff absent a finding by the Court that Plaintiff is able to pay such costs.

(2) The report required herein shall be filed no later than sixty (60) days from the date of this order, and Defendants' answers shall be filed within twenty (20) days following receipt of that report by counsel for Defendants or as set forth in the waiver of service, whichever is later.

(3) Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

    a.   To ascertain the facts and circumstances;

    b.   To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

    c.   To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answers or responses to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings of the incident(s) underlying Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of the El Dorado Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

(6) No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** Plaintiff's motion for leave to file an amended complaint (Doc. # 12) is granted.

**IT IS FURTHER ORDERED** Plaintiff's motion for leave to file a second amended complaint (Doc. # 16) is granted.

**IT IS FURTHER ORDERED** Plaintiff's motions for reconsideration (Doc. #6 and 9) are granted insofar as the Court has ordered a *Martinez* report.

**IT IS FURTHER ORDERED** Plaintiff's renewed motions for appointment of counsel (Doc. #8 and 11) are denied at this time.

**IT IS FURTHER ORDERED** Plaintiff's motions for injunctive relief (Doc. #7 and 10) are denied.

**IT IS FURTHER ORDERED** Plaintiff's motion for extension of time (Doc. #13) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 25th day of July, 2017, at Kansas City, Kansas.


s/ David J. Waxse

**DAVID J. WAXSE**
**U.S. Magistrate Judge**