IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL P. PAIGE,**

    **Plaintiff,**

  **v.**                      CASE NO.17-3056-SAC-DJW

**(fnu) MARTELL, et al.,**

    **Defendants.**

### **O R D E R**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. #25) filed on September 2, 2107. Plaintiff is requesting an injunction that requires Defendants to immediately begin treating his chronic Hepatitis-C and to perform an ultrasound on Plaintiff's liver to determine the extent of any damage.

To obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the movant's favor, and (4) that the injunction is in

1

the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  The Court has ordered a *Martinez* report, which has not yet been filed.  At this point in the proceedings, the Court has not made the determination of whether or not Plaintiff's

claim survives the initial screening required by 28 U.S.C. § 1915.  For this reason, Plaintiff's motion for injunctive relief is denied at this time.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Preliminary Injunction (Doc. #25) is denied.

**IT IS SO ORDERED.**

DATED:  This 19th day of September, 2017, at Topeka, Kansas.

                                **s/ Sam A. Crow**
                                **SAM A. CROW**
                                **U.S. Senior District Judge**