IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL P. PAIGE,

              **Plaintiff,**

      v.                                          CASE NO.17-3056-SAC

SHERRY MARTELL, et al.,

              **Defendants.**

**O R D E R**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. #38) filed on November 1, 2107. This is Plaintiff's second motion seeking to have counsel appointed. Having considered the motion, the Court finds it should be denied at this time.

There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the

1

district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it remains unclear that Plaintiff has asserted a colorable claim. The Court has ordered a *Martinez* report, which is due to be filed by November 27, 2017. The Court has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915. Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time. However, this denial is made without prejudice. If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Appointment of Counsel (Doc. #38) is denied without prejudice.

**IT IS SO ORDERED.**

DATED: This 3rd day of November, 2017, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**